No. 18        May 10, 2019        399

## IN THE OREGON TAX COURT
## REGULAR DIVISION

### LEVEL 3 COMMUNICATIONS, LLC,
*Plaintiff,*

*v.*

### DEPARTMENT OF REVENUE,
State of Oregon,
*Defendant.*

(TC 5236)

Plaintiff (taxpayer) moved to enforce a court order regarding the confidentiality of taxpayer's documents and information. The parties had previously agreed that Defendant Department of Revenue (the department) would notify taxpayer of "any request or demand" for disclosure of documents or information to a third party. Taxpayer argued that the requirement to notify taxpayer was triggered by a request for any documents or information. The court determined that the other provisions of the agreement provided a method for designating documents or information as confidential and therefore the department was required to notify taxpayer only upon receipt of a request for confidential documents or information. In a separate motion, taxpayer asked the court to place a deposition transcript under seal. The court placed the deposition transcript under seal because it was not used at trial and had minimal public benefit.

Submitted on Plaintiff's Motion to Enforce Court Order Re Confidentiality of Plaintiff's Documents and Information.

Cynthia M. Fraser, Garvey Shubert Barer, PC, Portland, filed the motion for Plaintiff.

Marilyn J. Harbur, Senior Assistant Attorney General, Department of Justice, Salem, filed the response for Defendant Department of Revenue.

Decision rendered May 10, 2019.

### ROBERT T. MANICKE, Judge.

This matter comes before the court on Plaintiff's Motion to Enforce Court Order Re Confidentiality of Plaintiff's Documents and Information ("Motion to Enforce"), Plaintiff's subsequent letter motion dated April 19, 2019, asking the court to place a deposition transcript under seal ("Motion to Seal"), and the parties' various responsive filings.

Trial in these consolidated cases was held over the course of eight days in April 2018, and post-trial briefing concluded in January 2019. The substantive issues in the case, which presently is under advisement, involve valuation of Plaintiff's centrally assessed property. The Motion to Enforce relates to a Confidentiality Agreement and Court Order entered early in this litigation, on May 26, 2015 (the "Agreement and Order"). The Motion to Enforce alleges that Defendant failed to comply with a notice requirement in paragraph 4 of the Agreement and Order.[1] That provision states in full:

> "4.   Defendant agrees to notify plaintiff by mail to: Cynthia M. Fraser, 121 S.W. Morrison Street, 11th Floor, Portland, OR 97204, and to Paul J. Mooney, 1201 S. Alma School Road, Suite 16000, Mesa, AZ 85210, and to both by email, of any request or demand it receives for disclosure of *the documents or information* to a third party. Such notification will be sent within 14 days of receipt by defendant of any such a request or demand. Such notice is intended to allow plaintiff an opportunity to intercede at its own expense and have the opportunity to respond to such third party's request, including filing an action in the Oregon Tax Court within the time set forth in Oregon law for doing so."

(Emphasis added.)

The relevant undisputed facts are that Defendant's counsel communicated with, and provided documents and information to, attorneys representing the state of Utah, Utah counties, and the state of Minnesota during the fall of 2018 and January 2019. Defendant did not notify Plaintiff of these communications in the manner, or within the time, specified in paragraph 4 of the Agreement and Order. In late January 2019, Plaintiff learned through other means that Salt Lake County had received documents from a representative of Defendant. Documents and information that were the subject of Defendant's communications had been generated for purposes of this case and included expert reports and transcripts of their testimony, as well as transcripts of

---

[1] In its reply in support of the Motion to Enforce, Plaintiff also alleges that Defendant violated the Agreement and Order by disclosing the transcript of a deposition of Shane McDonald. The court addresses that allegation at the end of this order.

testimony of two of Plaintiff's employees, William Gray and Shane McDonald. McDonald's testimony was pursuant to a deposition; he did not testify at trial, and neither party referred to him during the trial.

The declaration of Defendant's counsel briefly recounts her contacts with the requesting attorneys and attaches three emails relating to her sending of the documents and information. These materials lack detail; however, in the case of two Utah attorneys, it appears that (1) the Utah attorneys initiated the contact by calling Defendant's counsel; and (2) the Utah attorneys made a broad initial request that encompassed documents and information without regard to whether the documents and information might be confidential. In that instance, Defendant's counsel informed the requesting attorneys that certain information was confidential, and the attorneys asked her to "just send items that were not confidential," which she did. In the case of the Minnesota attorney, the materials do not indicate who initiated the contact or whether the Minnesota attorney requested any confidential documents or information. Defendant's counsel apparently caused a report by Professor Antonio Bernardo (who served as one of Defendant's expert witnesses at trial) to be sent to the Minnesota attorney.

The parties dispute whether paragraph 4 of the Agreement and Order requires Defendant to notify Plaintiff of third-party requests for *any* documents or information that Plaintiff has provided to Defendant in this case, or only of requests for *confidential* documents or information. The court finds that the key phrase in paragraph 4 is ambiguous, in that it purports to apply to "any request or demand [Defendant] receives for disclosure of *the* documents or information to a third party." (Emphasis added.) "The" documents or information could, in Plaintiff's terms, refer either to the "universe" of all documents or information that Plaintiff has provided or produced to Defendant or to the subset "universe" of only those documents or information that Plaintiff has designated as confidential.

The court interprets the Agreement and Order based on principles of contract law, bearing in mind that the Agreement and Order can extend no further than the court's

authority to limit discovery and disclosure to third parties of confidential materials under Tax Court Rule (TCR) 36 C and ORS 305.430 or other applicable law.[2] If, as here, the disputed provision is obviously ambiguous, the court starts with the context of the document as a whole. *See Yogman v. Parrott*, 325 Or 358, 361-64, 937 P2d 1019 (1997) (applying three-step process starting with examination of text of disputed provision in context of document as a whole; considering extrinsic evidence of parties' intent if provision is ambiguous; and applying appropriate maxims of construction if first two steps have not resolved ambiguity). Plaintiff argues that the context provided by other provisions of the Agreement and Order indicates that the parties intended to apply the notice requirements to the larger universe comprising all documents produced in discovery. However, the court finds Plaintiff's interpretation inconsistent with the overarching requirement, in paragraphs 1 and 3 and throughout the document, that Plaintiff assume the burden of designating documents as confidential when producing them. The structure and text of the Agreement and Order seem designed to facilitate the orderly and timely production of documents and information without impairing the requesting party's right to contest whether particular documents are confidential. The Agreement and Order does this by (1) providing a mechanism for Plaintiff as the producing party to assert its claim of confidentiality; and (2) expressly stating that the assertion creates no "presumption of confidentiality" and that Defendant as the party requesting the documents or information may challenge the assertion. The Agreement and Order thus allows the parties to defer any disputes over confidentiality, giving them a chance to better evaluate, select, prioritize, negotiate over, and consolidate multiple such disputes. The key to these efficiencies is that the producing party must assert its claim to confidentiality early on, by "designating" each item as confidential "when the document is produced or when the information is solicited \*\*\*." Plaintiff is to do so by physically marking any document with the word "Confidential," and in the case of information that cannot readily be marked, by corresponding with Defendant "at the time the item is produced." This

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2017.

contemporaneous designation allows the batching and deferral of what otherwise would be one-off disputes each time an item is produced.

The Agreement and Order, therefore, incents Plaintiff as the producing party to decide early on which documents or information it does not want third parties to see. Given this feature, the court declines to interpret the reference to "the documents or information" in paragraph 4 to include the larger universe of all documents and information produced. By the time a third party asks Defendant for Plaintiff's documents or information, the Agreement and Order contemplates that Defendant can reasonably assume Plaintiff does not consider confidential those documents or information that Plaintiff has not designated as such. This assumption is all the more fair given that ORS 308.290, which Plaintiff cites, includes a provision that generally allows Defendant to "exchange property tax information with the authorized agents of the federal government and the several states on a reciprocal basis." ORS 308.290(7)(d)(A).

The court thus concludes that Defendant's obligation under paragraph 4 of the Agreement and Order is to notify Plaintiff of any third party's request or demand for disclosure of documents or information that Plaintiff designated as confidential pursuant to the Agreement and Order. As explained above, the court cannot determine from the record to what extent Defendant has received such a request or demand. The court therefore directs Defendant to notify Plaintiff, in the manner specified in paragraph 4, of any request, oral or written, that Defendant has received, since the date of the Agreement and Order, that encompasses documents or information that Plaintiff designated as confidential. The court's direction includes any requests that initially encompassed designated documents or information, even if the requester or requesters modified their request or requests during the course of communications to exclude designated documents or information, as the stated purpose of the notice requirement is to "allow plaintiff an opportunity to intercede at its own expense and have the opportunity to respond to such third party's request * * *." For the same reason, the court also directs Defendant to send Plaintiff, in the manner specified in paragraph 4 of the

Agreement and Order, a complete description, and a copy if any exists, of Defendant's oral or written response to any such request or demand.

The court now turns to Plaintiff's second motion, to place the transcript of testimony of Shane McDonald under seal. The court interprets this Motion to Seal as distinct from Plaintiff's Motion to Enforce. Plaintiff apparently did not designate the deposition transcript as confidential pursuant to the Agreement and Order. Paragraph 4 provided a mechanism for Plaintiff to do so, by identifying the deposition as confidential "in correspondence from plaintiff to defendant at the time" of the deposition. The Agreement and Order provides, however, that the lack of a designation is not a "waiver" of any grounds or rights the producing party has regarding the confidential treatment of documents and information. The court thus treats the Motion to Seal as a motion under ORS 305.430(3), which requires the court to "weigh the harm suffered by the disclosing party against any benefit received by the public as a result of the disclosure." Plaintiff asserts that numerous portions of the transcript include quotations from exhibits to the deposition that Plaintiff did designate as confidential, and whose designation Defendant has not challenged. Defendant responds by again reprinting certain testimony, characterizing it as "innocuous," and asserting that, because Plaintiff is a publicly traded company, Plaintiff routinely is required to disclose information that is "far more sensitive" than the items in the deposition transcript. The court finds Defendant's comparison inapposite and therefore unpersuasive. Applying ORS 305.430(3), the court finds that the public benefit of disclosure is minimal because neither party used the McDonald deposition, or even mentioned McDonald, at trial. The court will hold the transcript of the McDonald deposition under seal. Further, because Defendant quoted extensively from that transcript in Defendant's letter to the court filed May 2, 2019, the court of its own motion will hold that letter under seal as well. Now, therefore,

IT IS ORDERED that Plaintiff's's Motion to Enforce Court Order Re Confidentiality of Plaintiff's Documents and Information is granted to the extent that Defendant shall, within 14 days hereof, notify Plaintiff, in the manner

specified in paragraph 4 of the Agreement and Order, of any request, oral or written, that Defendant has received, since the date of the Agreement and Order, that encompasses documents or information that Plaintiff designated as confidential, including any requests that initially encompassed designated documents or information. Defendant shall further send Plaintiff, in the manner specified in paragraph 4 of the Agreement and Order, a complete description, and a copy if any exists, of Defendant's oral or written response to any such request or demand; and

IT IS FURTHER ORDERED that the following documents are held under seal: (1) Transcript of Deposition of Shane McDonald taken on August 13, 2017, attached as Exhibit 2 to the Declaration of Marilyn J. Harbur dated April 18, 2019, in support of Defendant's Surreply in Opposition to Plaintiff's Motion to Enforce Court Confidentiality Agreement and Protective Order dated April 18, 2019; and (2) Defendant's Response to Plaintiff's 4/26/19 Letter re Deposition of Shane McDonald filed on May 2, 2019, and erroneously bearing the date April 2, 2019.